Inés Rodríguez Otero, Plaintiff and Appellant, *v.* Great American Indemnity Company, Defendant and Appellee.

No. 8799. Argued March 9, 1944.—Decided May 5, 1944.

*E. Martínez Avilés* for appellant. *Hugh R. Francis* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

This litigation arose from an automobile accident which occurred in Arecibo on July 28, 1938, wherein Enriqueta Rodríguez lost her life. Sometime afterward, Inés Rodríguez, sister of the deceased, brought an action in the District Court of Arecibo against Ell Tee, Inc., the corporation that was using the motor truck which caused the death and which was being driven at that time by an employee of said corporation. The Great American Indemnity Co., insurer of the vehicle, was joined as codefendant, but since it was not summoned, at the hearing of the trial for default against Ell Tee Inc., the plaintiff dropped her action against the insurer and continued the trial against Ell Tee, Inc., obtaining judg-

ment in her favor. On appeal this judgment was reversed by this court on the ground that the complaint did not state facts sufficient to constitute a cause of action, inasmuch as it was not alleged therein that plaintiff was the only heir of Enriqueta Rodríguez. *Rodríguez* v. *Ell Tee, Inc.*, 57 P. R. R. 930. After the case was remanded to the District Court of Arecibo for further proceedings, the complaint was amended in conformity with the judgment of this court and the Great American Indemnity Company was again joined as codefendant. The latter demurred to the amended complaint on the ground that the plaintiff had voluntarily abandoned her action against it and that if said joinder of parties were allowed it would be tantamount to joining in the suit a new party by virtue of an amended complaint. The demurrer was sustained and after the complaint was once more amended the case continued against Ell Tee, Inc., alone, wherein judgment for default was rendered on August 4, 1942, adjudging the defendant Ell Tee, Inc., to pay to the plaintiff the sum of $600 as damages, with costs, including $150 as attorney's fees. This judgment became final (*firme*) and plaintiff alleged that it had not been satisfied within a year afterwards because Ell Tee, Inc., had no properties in Puerto Rico, whereupon in order to collect said judgment, plaintiff brought this action in the District Court of San Juan against the Great American Indemnity Co. as insurer.

The defendant answered, denying that it had issued any policy in favor of Ell Tee, Inc. It also denied certain admissions which were alleged in the complaint and, as a matter of defense, it alleged that the action had prescribed, and that the complaint did not set forth facts sufficient to constitute a cause of action. The complaint was dismissed by a judgment upon a motion for nonsuit, and from that judgment the present appeal has been taken.

◼ It is a fact alleged by plaintiff herself that at the time of the accident the truck was driven by an employee

of Ell Tee, Inc., and that said company had been using the vehicle for a long time for the transportation of materials and children's dresses manufactured by it. And it is true that said vehicle was registered in the name of Louis Tuttman, and that the policy was issued by the Great American Indemnity Co. in his favor.

If, as appears from the pleadings and the evidence, the truck was being used by Ell Tee, Inc., and was driven by an employee of the latter at the time of the accident, it is evident that Louis Tuttmany is not responsible for the accident, and consequently neither is the insurer, defendant Great American Indemnity Co. (cf. *Pérez* v. *Picó, ante,* p. 387, decided on April 12, 1944), unless it is proved by the plaintiff that Louis Tuttman was the owner—not one of the owners, as alleged in the complaint—of the corporation Ell Tee, Inc., and that there existed between him and the latter such an identity of interest and ownership that the natural person and the artificial person were confounded and adherence to the fiction of two distinct entities would be equivalent to sanctioning a fraud or promoting an injustice. *Swiggett* v. *Swiggett, Inc.,* 55 P.R.R. 72. But in the instant case, although the plaintiff—in an imperfect manner—tried to allege said identity of interest between Louis Tuttman and Ell Tee, Inc., the defendant denied the same and the plaintiff offered not direct evidence on this point, seeking to uphold her allegation on the basis of an alleged admission in the answer and of defendant's conduct which in plaintiff's opinion estopped it from denying its liability as an insurer.

The alleged admission is predicated upon the averments of paragraphs 2 and 6 of the amended complaint and upon those of the corresponding paragraphs of the answer.

Paragraphs 2 and 6 of the complaint state:

"2. About July 28, 1938, Louis Tuttman, in his capacity as principal incorporator and owner of Ell Tee, Inc., a corporation engaged solely and exclusively in the needlework business, with establishments

located in Arecibo and other towns of the Island, insured against damages to a third person with the defendant company herein, a Ford truck with license plate of Puerto Rico at that time No. H 541, which vehicle said Louis Tuttman devoted exclusively to the transportation of goods and clothing belonging to Ell Tee, Inc., *of which corporation he was the principal owner.*" (Italics ours.)

"6. It being alleged by the defendant herein that it had an interest in the case *because at the end it would be compelled to satisfy the judgment rendered against Ell Tee, Inc., in its capacity as insurer of the latter*, it moved the District Court, on behalf of Ell Tee, Inc., and of the Great American Indemnity Co., defendant herein, to reconsider the judgment, and upon the denial of said motion, it appealed from the order and from the judgment to this Hon. Supreme Court of Puerto Rico (56 P.R.R. 718 and 56 *D.P.R.* 958 (*per curiam*); 57 P.R.R. 930." (Italics ours.)

In the corresponding paragraphs of the answer it is alleged:

"2. As to the averment in paragraph 2 of the amended complaint to the effect that on July 28, 1938, a certain Louis Tuttman had insured against damages to third persons a certain Ford truck, license plate of Puerto Rico at that time No. H. 541, the defendant denies that at said time or at any other time there was a truck or any other vehicle insured by the defendant against damages to third persons but on the contrary, defendant alleges that every insurance of an automobile vehicle is issued to insured the liability of a certain person in connection to said vehicle but is never issued to insure the vehicle in itself; *although defendant admits that at said time Louis Tuttman had an insurance policy with defendant Great American Indemnity Co., on a certain vehicle "Panel Delivery" a Ford*, defendant does not have sufficient information or belief to answer the allegation that said motor vehicle was the truck to which paragraph 2 of the answer refers; *as to the allegation that Louis Tuttman was the principal incorporator and owner of Ell Tee, Inc., the defendant does not have sufficient information or belief to answer said allegation and for that reason denies the same; . . . as to the allegation in said paragraph 2 to the effect that it was in his capacity as principal incorporator and owner of Ell Tee, Inc., that Louis Tuttman had insured against damages to third persons with the defendant the vehicle involved in the complaint, the defendant denies said allegation;* that as to the allegation in said paragraph to the affect that

Louis Tuttman used the vehicle in question exclusively for the transportation of goods and clothing belonging to Ell Tee, Inc., the defendant does not have sufficient information or belief to answer said allegation and for that reason denies the same; *that as to the allegation in said paragraph to the effect that Louis Tuttman was the principal owner of the corporation Ell Tee, Inc., the defendant denied said allegation.*" (Italics ours.)

"6. As to the allegation in paragraph 6 of the amended complaint to the effect that defendant moved the District Court on behalf of Ell Tee, Inc., and of defendant itself to reconsider a judgment rendered in the case mentioned in the two preceding paragraphs, defendant denies that it sought from the District Court, on behalf of Ell Tee, Inc., said reconsideration or any other thing, but on the contrary alleges that the attorney for Ell Tee, Inc., and for the defendant, who is the same attorney, moved the court on behalf of both to set aside the judgment for default entered in said case; and defendant admits that the District Court of Arecibo denied said motion from which an appeal was taken to the Supreme Court of Puerto Rico by Ell Tee, Inc., and the defendant Great American Indemnity Co. *The defendant denies that it alleged to have any interest in the case because in the end it would be compelled to satisfy the judgment that might be rendered against Ell Tee, Inc., in its capacity as insurer of the latter.*" (Italics ours.)

A slight examination of the avertments of the complaint and of the corresponding allegations of the answer shows that the alleged admission is nonexistent.

As to the question of estoppel, it is true that the defendant had conversations with the plaintiff in order to settle the case by a certain compensation which was to be paid by the insurance company, but as the trial judge correctly states:

"Although it appears in the documentary evidence that the plaintiff and the defendant had an understanding as to the settlement of the Ell Tee, Inc., case and even went as far as to mention an amount, this can not operate as a binding admission, for we know that the evidence in that respect may not and should not have such scope. The defendant in this case could have had an interest in reaching a sttlement for the simple reason that, although it was not the insurer of Ell Tee, Inc., it was of Louis Tuttman, the latter

being the owner of the vehicle which caused the accident, and there was nothing to preclude that the complaint be amended so as to include its client, or that a new complaint be filed, and there was no need to wait for such a time if it then had the opportunity to end the whole matter thus avoiding greater consequences; but its attitude can not be construed in any manner as admitting responsibility which it never avowed.''

Nor is plaintiff correct in trying to make defendant herein responsible for its failure to make effective the judgment rendered against Ell Tee, Inc. Plaintiff's contention is predicated upon the following facts: After the first judgment against Ell Tee, Inc., was obtained the plaintiff, relying on the same, sought and obtained the attachment of $700 which the then defendant had in a bank in Arecibo. Ell Tee, Inc., released the attachment by a bond which was furnished by the Great American Indemnity Co., but when the judgment was appealed and reversed by this court (*Rodríguez* v. *Ell Tee, Inc., supra*), the surety company sought the cancellation of the bond which it had furnished to release the attachment, inasmuch as said attachment had been executed by virtue of a judgment which became void when it was reversed by this court. In view of that circumstance, the District Court of Arecibo acted correctly in ordering the cancellation of the bond which had been furnished to release the attachment. Therefore, the Great American Indemnity Co. is not responsible if after the attachment was released the plaintiff was unable to find properties belonging to Ell Tee, Inc., whereby she could secure the effectiveness of the judgment.

For the reasons stated the judgment appealed from must be affirmed.